IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                                    Cr. No. 20-2031 KG

ERASMO J. GRANILLO,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon two motions filed by Defendant.  First, on December 4, 2020, Defendant filed Defendant's Motion to Dismiss for Due Process Violation (Motion to Dismiss) (Doc. 42).  The Motion to Dismiss concerns alleged Confrontation Clause and Due Process Clause violations related to the deposition of material witness Octavio Unzueta-Ontiveros.  Second, on December 7, 2020, Defendant filed Defendant's Opposed Motion to Exclude the Deposition Testimony of Octavio Unzueta-Ontiveros (Motion to Exclude Testimony). (Doc. 43).  Both motions are now fully briefed.  *See* (Docs. 47 and 52).

     On January 7, 2021, the Court held a hearing on the Motion to Dismiss and the Motion to Exclude Testimony.  Kristopher Jarvis and Christopher Solis represented the United States, and Margaret Strickland represented Defendant, who was present.  Having considered the briefing, controlling law, oral argument by counsel, and for the following reasons, the Court denies both the Motion to Dismiss and the Motion to Exclude Testimony without prejudice.

*I.  Background*

     Defendant contends that his counsel was unable to effectively prepare for the deposition of material witness Octavio Unzueta-Ontiveros for two reasons.  First, Defendant complains that

his counsel had short notice of the deposition.  Second, Defendant asserts that the Criminal Complaint (Doc. 3) failed to apprise him that he was charged with transporting illegal aliens, the charge brought in the Indictment (Doc. 36) issued after the material witness was deposed and returned to Mexico.  Defendant premises both the Motion to Dismiss and the Motion to Exclude Testimony on the assumption that the material witness will not be present to testify at the trial and that the United States will introduce the material witness' deposition testimony at trial.  *See* (Doc. 42) at 3; (Doc. 43) at 3.

The United States, however, represented at the January 7, 2021, hearing that it is arranging, in good faith, for the material witness to return to the United States to testify at Defendant's trial.  The United States represents that it anticipates the material witness will testify at the trial and argues that Defendant's Motion to Dismiss and Motion to Exclude Testimony are not ripe for decision.  Hence, the United States concludes that the Court lacks jurisdiction to decide the Motion to Dismiss and the Motion to Exclude Testimony and should deny those motions on that basis.

## II.  Discussion

"The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995).  Courts "evaluate ripeness under a two-factor test that considers 'both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration.'" *Auto-Owners Ins. Co. v. Bolt Factory Lofts Owners Ass'n, Inc.*, 823 F. App'x 686, 690 (10th Cir. 2020) (citation omitted).  With respect to the fitness factor, courts "focus on 'whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur

at all.'"  *Id.* (citation omitted).  "In assessing hardship, [courts] look at 'whether the challenged action creates a 'direct and immediate dilemma' for the parties.'"  *Id.* (citation and quotation marks omitted).

   A.  *The Motion to Dismiss (Doc. 42)*

   Defendant argues that if the Court admits the material witness' deposition testimony at trial it will violate his constitutional right to confront his accusers at trial and his right to due process.  Thus, Defendant asserts the Court should dismiss the Indictment.

   1.  *Confrontation Clause*

   "[T]raditionally [there has] been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant."  *Barber v. Page*, 390 U.S. 719, 722 (1968).  "[A] witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial."  *Id.* at 724-25. "[I]f no possibility of procuring the witness exists ..., 'good faith' demands nothing of the prosecution."  *Acosta v. Raemisch,* 877 F.3d 918, 927 (10th Cir. 2017) (citation omitted).  "If … "there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation."  *Id.*

   At this point in the proceedings, the Court accepts that the United States is making a good faith effort to obtain the material witness' appearance at trial.  Therefore, the Confrontation Clause is not yet implicated.  Moreover, Defendant may still raise the Confrontation Clause issue at a later time, if necessary.  The Court, therefore, concludes that the Confrontation Clause issue does not meet the fitness and hardship factors required for a determination of ripeness.

    *2. Due Process*

Defendant makes two arguments to support his contention that his due process rights were violated by the taking of the material witness' deposition on short notice and his subsequent release to Mexico.  First, Defendant argues that Magistrate Judge Vidmar's denial of his Motion to Vacate Deposition (Doc. 22) is "akin to denying a motion to continue trial because trial testimony would be taken at the deposition."  (Doc. 42) at 4.  As such, Defendant asserts that Judge Vidmar violated his right to due process by arbitrarily denying the Motion to Vacate Deposition.  Second, Defendant argues that the release of the material witness to Mexico is analogous to the United States losing, destroying, or unintentionally withholding evidence.

Defendant premises these arguments on the supposition that the material witness will not appear to testify at the trial and that the United States, therefore, will introduce the material witness' deposition testimony at trial.  As noted, the material witness may appear at trial and Defendant is not prohibited from making his due process arguments in the event the material witness does not appear for trial.  Hence, the Court concludes that Defendant's due process arguments do not meet either the fitness or hardship factors required for a determination of ripeness.  In sum, the Court lacks subject matter jurisdiction to decide the Motion to Dismiss.

    *B.  Motion to Exclude Testimony (Doc. 43)*

Defendant makes three arguments in support of his motion to exclude the deposition testimony of the material witness:  (1) the United States violated Fed. R. Crim. P. 15(b)(1) (requires reasonable written notice of deposition); (2) the United States violated Rule 15(e)(3) (requires provision of deponent's statements); and (3) the material witness' testimony constitutes hearsay evidence under Fed. R. Evid. 804 (unavailable declarant).

The Court notes that Rule 15 governs the situation where a party "move[s] that a prospective witness be deposed in order to preserve testimony for trial."  Fed. R. Crim. P. 15(a)(1).  Rule 804 describes the exception to the rule against hearsay evidence when a declarant is unavailable to testify as a witness.  Given that both Rules concern deposing a person who will not testify as a witness at trial and that the material witness may indeed testify at the trial, the Motion to Exclude Testimony does not meet the fitness factor for ripeness.  In addition, Defendant is not precluded from seeking to exclude the material witness' deposition testimony if the material witness fails to appear for trial and the United States fails to describe any good faith efforts it undertook to secure the material witness' presence.  Thus, the Motion to Exclude Testimony also does not meet the hardship factor necessary to establish ripeness.  For the above reasons, the Court lacks subject matter jurisdiction to decide the Motion to Exclude Testimony as well.

IT IS ORDERED that

1.  Defendant's Motion to Dismiss for Due Process Violation (Doc. 42) is denied without prejudice; and

2.  Defendant's Opposed Motion to Exclude the Deposition Testimony of Octavio Unzueta-Ontiveros (Doc. 43) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE